I am representing Ralph Thompson on this appeal. So it's a very discreet issue and it's not one that's unfamiliar to this court because it has held in United States v. Jenkins and United States v. LaDonta Gill that the AUUW convictions when invalid should not result in criminal history points and should not be the basis for any criminal history calculation. They should not also be relied upon by district courts because the convictions are invalid. You shouldn't be sentencing people based on AUUW convictions that have been held. Mr. Hillis, if you could use real words instead of mystery initialisms, I think that would help us. Very well, Judge. Let me dispel the mystery. The aggravated unlawful use of a weapon. That's the Illinois statute that Jenkins determined pretty easily and LaDonta Gill again that you just don't get points for that. So here, the district court Mr. Hillis, now I have a substantive question for you. I wonder whether your line of argument is consistent with the holding of the Supreme Court in Custis against the United States. Well, Judge, I've modeled my whole brief on what the Seventh Circuit authority is. But if you would like to tell me. But of course, the Supreme Court takes precedence, of course, and the holding of Custis is that the validity of a state conviction may be challenged in federal sentencing if and only if the defendant contends that it was obtained without counsel. Other lines of argument are forbidden, according to Custis. Well, I suppose that would pose some serious concerns about how the court disposed of Jenkins and Gill, Your Honor. Yes, indeed, it does. Jenkins didn't mention Custis, but if there's a conflict between the Seventh Circuit and the Supreme Court, we do know which one we have to follow. Oh, no doubt. But I'm not certain since the government didn't cite Custis, Judge, so I would have to file a 28-J letter.  And it didn't cite Custis in Jenkins either. Or in Gill. Which may be why the panel didn't cite it. But we are aware of Custis. I don't have anything to say on Custis for the moment, Judge, but I will file a 28-J letter as necessary. I would say, for the purposes of today, the government, of course, didn't argue Custis. I will have to do the 28-J letter. And I'm not certain if Custis is dispositive. I take Your Honor's point, and I need to look into that further. But based on what we have as the Seventh Circuit Authority, we would know what the outcome is, notwithstanding anything that may sort of upend us here with Custis. Well, even given Jenkins, you have a serious problem that this issue was never raised in the district court. Well, I don't believe it was raised in Jenkins either, Judge. For that matter, it wasn't raised in LaDonta Gill. So I'm not certain that that is the barrier that would prevent us from a win here. They both won those other cases, of course. So we'd be in a similar circumstance, Your Honor. That's our view. And so... You do realize we have a brand-new en banc decision on when issues can be raised sua sponte by the court. That's United States against Page, which, of course, takes precedence over Jenkins. Yeah. I've been on the wrong end of sua sponte en bancs before, Judge, so it could happen again. But for today, I'll only say that I think that we're good on Gill and on Jenkins. So beyond that, I couldn't predict. Now, as final matters go, how are we certain that this did come to the attention of the district court? And we can look to the record easily enough on this. Appendix is Page 5, 7, 27 to 28. We know the district court specifically referenced the number of convictions. We have the government's sentencing memorandum, where they highlighted in a very brief sentencing memorandum about the significance of the aggravated unlawful use of a weapon conviction. We know that the PSR included the points, and the government, excuse me, the district court adopted the PSR. So there's no doubt that the information was in front of the district court, and the district court relied on the aggravated unlawful use of a weapon conviction to impose sentences. Mr. Thomas, prejudice by the use of this conviction. It'd be similar to Miller here on our case that we cited in our brief, where the wrong number of felonies is itself a basis for relief in Miller. So if you say that a person has five felony convictions, but they only have four, that's a difference. That's an important difference, the number of felony convictions. And here, this would be one less felony conviction. So similar to that, where the district court in this case says he has, I think, nine felony convictions, we'd have one fewer. And consistent with Miller, we would say that's a basis for remand. But it's not a guidelines error, that the range is the same no matter what. Entirely right, Judge. But this is an argument directed at the 3553A analysis of the judge, the sentencing factors. More so to the due process, the right to be sentenced on accurate information. And so this is an invalid conviction, and under this court's due process precedent, we'd say that that's our stronger hook. Well, either way you look at it, there's still a prejudice requirement. So the weight that that sentence in the sentencing transcript bears on our analysis is the significant question. Sure. And I'd only point you back to Miller, which, again, it was sufficient in Miller, and it would be sufficient here. I wouldn't see where the breathing room is between those two cases. I did love how the defendant in Miller actually stood up and said that that's incorrect, Judge, I only have this many convictions. We didn't have that, but we've got otherwise the same core of facts that allow us to get relief here per Miller. Thank you. Okay. I have nothing further. Thank you. Mr. Weir. Good. Good morning. May it please the court. Matthew Weir for the United States. I'm going to answer Judge Easterbrook's question that I don't have any familiarity with Custis either, and I apologize. This seems to be a problem in cases of this kind. We have holdings by the Supreme Court, which the Seventh Circuit has, it seems to me, conflicted with without even bothering to discuss because the parties haven't discussed the holdings of the Supreme Court. That is a problem, don't you think? I do. Yes, Your Honor. And similar to Mr. Hillis, I don't have any knowledge of that case, so I can't speak to it. I take Your Honor's word on the holding of it, and if the court would ask of it, I would be glad to supplement as well as Mr. Hillis suggested. But I don't know that in this case, Your Honor, that's necessary because I don't believe that the plain error standard is met, and I think it's pretty clearly not met. There is clear error. Those three points for that conviction should not have been in the PSR, but they did not affect the standard. So are you conceding the opposite of the Custis holding? To say there was error is to say, I think, that you think the Supreme Court was wrong in Custis. That's a little difficult. I would say, Your Honor, following purely the Seventh Circuit, that would be the government's position. I cannot argue Custis with any knowledge, but I believe that the review in this case, assuming arguendo, that there was plain error, would fall on prejudice, which is simply something that the defendant cannot meet. It's a remarkably demanding standard, as this Court has stated before, and essentially, it boils down to, is there a reasonable likelihood that anything about the defendant's sentence would change if that information had not been before the Court? I'm somewhat concerned. When we're looking at the standard of review, I know the parties have agreed that it is plain error. Here, the argument that I'm hearing this morning is a little slightly different and focused more so on how did the judge, looking at 3553A factors, consider this ninth conviction, which was invalid? And when we look at the sentencing transcript in context, the ruling and the reliance on this ninth conviction comes out during the ruling. Why would that not be de novo review? And why did, I guess, why would we not be under de novo versus plain error review? Because Your Honor, the error was in the PSR. And so we're not at, that's what I'm suggesting, what I'm hearing is a shift. We're not focusing on the PSR calculation because the calculation in the PSR did not change because the career offender classification never changed. And what I'm hearing this morning is that the defendant was denied due process in the sense that this ninth conviction that the Court considered in ruling in imposing a sentence was the issue because the ninth conviction was invalid. It's true, Your Honor, that generally if an error comes up for the first time in pronouncing sentencing, then a contemporaneous objection is not required to preserve that. However, this error stemmed from an unobjected to error in the PSR. And since there was a more than adequate opportunity to object to that error, the review becomes for plain error overall because the error was in the PSR, it should have been obvious to all the parties, but defense failed to raise it. So that error stems from the PSR, which requires plain error review since it was not objected to contemporaneously. And Your Honor, I would like to just briefly turn to what actually occurred at the sentencing hearing here. I would take a little issue with the idea that the Court relied on this plain error, the three points, in sentencing, at least not three times as suggested by defense. Yes, the Court adopted the PSR with no objections. The Court then calculated criminal history points, but the Court correctly calculated the guideline range, which is one of the fundamental purposes of the sentencing hearing. The Court must correctly, obviously, calculate the guideline range. And once it calculated the correct guideline range, it did not ever alter its analysis even though the defendant requested that the Court consider the non-career offender guideline range. So there's no reason to believe that some change in the non-career offender guideline range would have affected the Court's sentence in this case. The closest the Court came to an explicit reference to this conviction was when it calculated the number of convictions. Even then, though. But that's an incorrect description of what happened at the hearing, because it is during the ruling of the sentence, this is now I'm getting ready to impose a sentence. Correct, Your Honor. And during those 3553A steps, one of the reasons offered for the sentence was the nine convictions. That's correct, Your Honor. However, I think the context of the reference to those convictions is important, because right before that, the sentencing Court referenced the career offender guidelines and the fact that this was the defendant's third drug distribution conviction in federal court, directly referenced those convictions. It then went on to state, you have nine adult convictions. It should have been eight. But that is then also in the context of what the Court said immediately after, which was a reference to recidivism and a failure of deterrence, even though he has all of these convictions. So I don't believe the specific number was the focus of the Court's statement in that case. I believe it was a reference to an extensive criminal history. And Your Honor, one last thing I would point out is that the reliance on Miller in this case is, in the government's view, an opposite, because Miller was a de novo case. It was a case that was preserved during sentencing because the defendant did object. And so the only thing that had to be shown in that case was an error that was relied upon. There was not a prejudice element in that case. And I think that's an important distinction from this case, because prejudice is the main driving factor here for remand, and there just was no prejudice. And with that, if there are no questions, I'll rest it in the library. Thank you. Thank you. Mr. Hillis, anything further? I hadn't thought of it at the time, but it seems that waiver would now be a problem with  If the government were to try to assert that Custis would somehow get out a jail-free card, it would present a waiver problem. This would be a can of worms, perhaps the Court wouldn't want to have to get into in In light of Jenkins and Gill, if we're to instead confine our decision-making to those cases and to Miller, I think that the government's hard-pressed to come up with a reason why those cases would be decided as they were, and this case should turn out differently. So in Miller, even if it is de novo review, ultimately relying on incorrect information is itself a due process violation. The result is presumed prejudice because we don't know how the incorrect information caused the sentencing determination perhaps be different. And so that's why in U.S. versus, excuse me, the Welch case and the other cases that are similar to, I think Welch was 1984, for all the cases that have come since that time, Corona-Gonzalez, we don't require prejudice in the sense that the government is asking this Court to do that now. We look instead and say, was there incorrect information? Was it relied upon? Because we can't pick apart the judge's thoughts to say how that impacted the sentencing decision. I'm not following. Due process errors are subject to, most due process errors are subject to harmless error review on de novo review or here, review for prejudice on plain error review. Corona-Gonzalez did not require some further analysis beyond that. In Corona-Gonzalez, the District Court said that the individual returned to the United States after being deported, after being removed, came back in for the purpose of selling drugs. There was no information to support that. And it wasn't required that some additional prejudice be shown. The incorrect information was sufficient to warrant the remand, Judge. I'm not sure that's the right precedent to follow then because there are very few presumptively prejudicial errors, whether constitutional, statutory, or discretionary, that's structural errors only. But the Welch case itself was robbery versus armed robbery, and the misdescription of it as an armed robbery led to the relief in Welch. So I think that the references to the cases support the proposition, Judge, at least so far as the Seventh Circuit authority goes that I'm citing, I think it supports what I'm contending here at the podium. If it's different, I mean, I suppose I could read that in opinion here before long, but nevertheless, Welch was armed robbery versus robbery, and in Corona-Gonzalez, it was about the purpose for the individual in coming back to the United States. Here we have something that is akin to Miller, though. So we have the number of felonies in Miller being an issue here. We have the number, rather, there, and we have the number of felonies here being off in each case. Like in Miller, this case should be remanded for resentencing. Thank you. Thank you. Our thanks to both counsel. We'll let you know if we need supplementals on Custis or anything else, and the case is taken under advisement.